## 5631.

### (Court of Appeal, Parish of Orleans.)

## W. W. CARRE COMPANY, LIMITED vs. JAMES J. GAZIN, ET AL.

The burden rests upon the endorser of establishing the facts relied upon as operating a release of his obligation.

Appeal from the Civil District Court, Division "A."

Buck, Walshe & Buck, for plaintiff and appellee.

Geo. Montgomery, Jos. Lautenschlaeger, for defendants and appellants.

GODCHAUX, J.—This is a suit on promissory notes executed by Gazin and endorsed by Huth. There was judgment for plaintiff against both defendants, in solido. and, as Huth alone appeals, his defense only requires consideration.

The pleas of want of demand of payment and of notice of protest and dishonor were disposed of by proof that all these formalities had been fully complied with. The defense that the endorser was released because plaintiff compromised a certain claim against Carbajal is wholly without merit. The Carbajal claim involved a transaction entirely separate and distinct from the one culminating in the execution and delivery of the notes in question and the compromise could have no possible bearing or effect, prejudicial or otherwise, upon the rights of the endorser.

Finally the endorser pleaded that he was released because without his knowledge or consent, an extension of

the time of payment of the notes was granted in consideration of Gazin executing in plaintiff's favor a second mortgage as security for a general and unsecured indebtedness growing out of sundry transactions between the parties. The endorser has failed to establish the facts upon which this defense is based. His only witness, Gazin, whose testimony is shifting and uncertain, is contradicted by Mr. Carre; and the judgment itself indicates that the lower Court accepted the latter's testimony as more trustworthy. We arrive at the same conclusion after reading their testimony and considering the surrounding facts and circumstances.

There is no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

June 27th, 1912.

Rehearing refused July 29th, 1912.